UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTI GILLESPIE and<br>MANDY SIBOLE SMITH,<br><br>        Plaintiffs,<br><br>v.<br><br>PATTERSON DENTAL SUPPLY, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 12-CV-0300-CVE-PJC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is defendant Patterson Dental Supply, Inc.'s motion to dismiss. Dkt. # 10. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of plaintiff Mandy Sibole Smith's claims for pregnancy and age discrimination. Plaintiff filed a petition in Tulsa County District Court (Dkt. # 2-1), in which she and her co-plaintiff, Christi Gillespie (Gillespie), alleged three claims for relief: sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-4 (2006 & Supp. 2011), on behalf of both plaintiff and Gillespie (first claim for relief); pregnancy discrimination in violation of Title VII on behalf of plaintiff (second claim for relief); and retaliation in violation of Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 (2006 & Supp. 2011) (ADEA) on behalf of both plaintiff and Gillespie (third claim for relief). Dkt. # 2-1. Defendant filed a notice of removal to federal court. Dkt. # 2. After removal, defendant filed a motion to dismiss plaintiff's claims for pregnancy discrimination and age discrimination. Dkt. # 10. Defendant also filed an answer. Dkt. # 9. In plaintiff's response, plaintiff argued that she set forth a plausible claim for pregnancy discrimination in her petition; however, plaintiff stated that she accidentally included the age discrimination claim. Dkt. # 12.

Plaintiff agreed that dismissal of her claim for age discrimination would be appropriate. Id. Defendant filed a reply. Dkt. # 15. Because plaintiff's claim for age discrimination was accidental and is therefore moot, the only portion of the motion to dismiss that remains at issue is as to the claim for pregnancy discrimination.

**I.**

The following facts alleged in the petition are taken as true for the purpose of defendant's motion to dismiss. Plaintiff is a female who worked for defendant. Dkt. # 2-1, at 5-6. Everette Davis (Davis) was the plaintiff's supervisor during the relevant time period. Id. at 6. Plaintiff was hired, for a second time, in 2008, and she was an outside sales representative for defendant. Id. Plaintiff had no significant complaints regarding her employment with defendant until 2009. Id. In April 2009, the Tulsa sales force began reporting to Bob Foss (Foss), the regional manager, and, in July 2009, Davis was transferred to Tulsa to manage the Tulsa office. Id.

Davis had little or no management experience and, in August 2009, two of the most experienced sales representatives in Tulsa quit because of Davis. Id. Although the accounts from those two sales representatives were to be divided among the remaining sales representatives equally, the female representatives did not receive an equal share. Id. at 6-7. During this time, plaintiff's commission checks were incorrect and, although she repeatedly asked Foss and Davis to investigate, neither did so. Id. at 7. Davis became rude, unprofessional, and unhelpful. Id. Plaintiff noticed that Davis would not answer e-mails or text messages from female representatives, but he would answer those from the male representatives. Id.

In November 2009, plaintiff met with Davis and was told that her Arkansas accounts would be taken away from her because of alleged customer complaints. Id. Plaintiff requested to know which customers had complained, what their complaints were about, or how she might improve, but

Davis refused to tell her. Id. Davis did not take away the Arkansas customers, but plaintiff felt that she was bullied and intimidated during her meeting with Davis. Id. Plaintiff again met with Foss and Davis in December 2009 to discuss problems with the commission checks, customer service, and internal communication, but nothing appeared to change after the meeting. Id. Plaintiff continued to find mistakes in her commission checks in January 2010, and she did not receive answers or explanations from Davis or Foss. Id. at 7-8. Davis continued to ignore plaintiff's e-mails, text messages, and phone calls, but he continued to respond to e-mails, text messages, and phone calls from plaintiff's male colleagues. Id.

Plaintiff and Gillespie attended a dental conference on January 24, 2010; however, neither plaintiff nor Gillespie was invited to meals with Davis and their male colleagues, and Davis barely spoke to either during the conference. Id. at 8. In early February 2010, plaintiff learned that she was pregnant, and she shared this information with female co-workers. Id. at 9. She believes that her co-workers shared that information with Davis. Id.

Shortly thereafter, Davis, following an event sponsored by defendant, made jokes about blonde females and was rude to female staff members in front of customers. Id. After that event, plaintiff left town to attend a funeral and told everyone in the office, including Davis, that she would be gone for two days; however, Davis continued to send text messages and e-mails regarding non-urgent business, which plaintiff felt was done solely to pressure her. Id. at 9-10.

During the week of February 6, 2010, it was impossible for plaintiff to reach Davis, but she knew he was talking to co-workers. Id. at 10. When plaintiff was able to contact Davis, she again requested information regarding her commission checks and reiterated the need to improve customer service. Id. He was nonresponsive but, at plaintiff's request, he agreed to meet with her that Friday

if she had all of her paperwork together. Id. Because only male representatives and male employees were present when plaintiff arrived at the office to meet with Davis that Friday, plaintiff was not comfortable being alone with Davis, and the meeting did not occur. Id.

Later in February 2010, Brian Landry (Landry), a vendor representative who is not an employee of defendant, was scheduled to travel to Arkansas with plaintiff. Id. Prior to the day plaintiff and Landry were scheduled to meet with clients in Arkansas, Davis began sending plaintiff text messages asking plaintiff to have Landry at the office the following morning. Id. Plaintiff called Davis and left a message; she also talked to Landry, who told plaintiff that he had to go to Arkansas with her. Id. Plaintiff made further phone calls to Davis, but she could not reach him. Id. at 10-11. Later that evening, Davis sent plaintiff a text that said: "Talked to Landry and got him lined up. Just be at the branch at 10am." Id. Plaintiff did not speak directly with Davis, and the following day plaintiff and Landry went to Arkansas. Id. at 11. Landry said he had not spoken with Davis regarding the meeting Davis had requested. Id. Landry was meeting with plaintiff's customers, so plaintiff felt she needed to attend those meetings with Landry. Id. At 10:00 a.m., plaintiff received an e-mail from Davis asking why she had not been at the meeting in his office. Id. Plaintiff opened Davis's e-mail after lunch, and immediately called Davis to inform him that her last meeting in Arkansas was at 3:30 p.m. Id. At 3:30 p.m., Davis called plaintiff and left a voice mail asking plaintiff to call him if she got a chance and stating "[n]o big deal." Id.

On the drive back to Tulsa, plaintiff made numerous calls to defendant's corporate offices to speak to human resources (HR) about Davis and the fact that she was pregnant. Id. She was referred to Mark Buschbacker (Buschbacker), the manager of HR. Id. Plaintiff tried to reach Buschbacker several times without success. Id. The following day, Davis called plaintiff into his

office and told her that he had spoken with Buschbacker. Id. Davis terminated plaintiff for failing to report to the meeting he called the previous day with Landry. Id. Davis then called Gillespie into a meeting without any other sales representatives, and told her that plaintiff had been fired because she did not turn in a report. Id. at 11-12. He then told Gillespie that it was in her best interest to cease all communications with plaintiff and suggested that she contact her cell phone service provider to have all calls from plaintiff blocked. Id.

## II.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-

55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).  Finally, "the 12(b)(6) standard does not require that [p]laintiff establish a prima facie case in her complaint, [but] the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted).

### III.

Defendant argues that plaintiff has failed to state a plausible claim for pregnancy discrimination because plaintiff's petition includes no more than a recitation of the elements for pregnancy discrimination.  Plaintiff asserts that she set forth facts showing that she was pregnant, and that she was terminated because of her pregnancy, which sets forth a plausible claim.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1) (1964).  Under Khalik, a court should look to the elements of a cause of action to determine whether a plaintiff set forth sufficient factual allegations to state a claim.  A prima facie case of pregnancy discrimination includes alleging that: "(1) she is within the protected class; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position remained open and was ultimately filled by a nonpregnant employee." Atchley, 180 F.3d at 1148.

Plaintiff's petition sets forth 53 paragraphs of facts.  Dkt. # 2-1, at 5-16.  Approximately 21 of those at least tangentially relate to plaintiff.  Id.  Within those paragraphs, plaintiff sets forth facts to sufficient to show that she was pregnant; that she performed satisfactory work; and that she was terminated from her employment with defendant.  Defendant relies primarily upon Khalik, in which

6

the Tenth Circuit affirmed a district court's grant of a motion to dismiss. Defendant argues that the complaint in Khalik is similar to plaintiff's petition and, therefore, plaintiff's pregnancy discrimination claim should be dismissed. Dkt. # 10, at 4. In Khalik, there "was no context for when [p]laintiff complained, or to whom[,]" and "[t]here are no facts relating to the alleged discrimination" because "[t]here is no nexus between the person(s) to whom she complained and the person who fired her." 671 F.3d at 1194. In contrast, plaintiff's petition sets forth facts regarding conflicts with specific people, including Davis, prior to her pregnancy; the approximate time frame and how plaintiff believes Davis learned that plaintiff was pregnant; and why plaintiff believes there is a causal connection between her pregnancy and her termination.

Plaintiff states that she learned she was pregnant in early February 2010, and that she believes Davis learned of her pregnancy from a co-worker. Dkt. # 2-1, at 9. Shortly after that, Davis sent multiple texts and e-mails to plaintiff while she was out of town, which plaintiff felt was done to pressure her. Id. Thereafter, plaintiff knew that Davis was talking to her co-workers, yet it was impossible for her to reach him. Id. at 10. Once plaintiff did make contact with Davis, he was nonresponsive to the requests she made. Id. Finally, plaintiff was scheduled to go to Arkansas with Landry; however, Davis scheduled a meeting with Landry, which plaintiff did not know she was required to attend, at 10:00 a.m. the morning the trip was scheduled. Id. at 10-11. After her miscommunication with Davis, plaintiff contacted HR and alerted HR to the problems she was having with Davis and the fact that she was pregnant. Id. at 11. Although she was referred to Buschbacker, she was unable to reach him. Id. However, Davis told plaintiff that he had spoken to Buschbacker after plaintiff made her complaints to HR. Id. Plaintiff was then fired. Id. Plaintiff recites dates and general times for these events, and plaintiff also includes names of persons to

whom she complained within defendant's organization.  Plaintiff is not required to establish a prima facie case, and when all of plaintiff's allegations are taken as true, even excepting any conclusory statements, plaintiff's petition sets forth more than a formulaic recitation of the elements.  In fact, plaintiff states facts sufficient to show that she was pregnant, and that, on information and belief, her supervisor knew she was pregnant, that she was doing satisfactory work, and she was terminated, which is sufficient to state a plausible claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 10) is **granted in part and denied in part**. Defendant's motion is **granted** as to plaintiff's age discrimination claim and **denied** as to plaintiff's pregnancy discrimination claim.

**IT IS FURTHER ORDERED** that plaintiff's age discrimination claim is **dismissed as moot**.

**DATED** this 5th day of October, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE